UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALAL FELDERMAN,<br><br>        Plaintiff,<br><br>        v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>        Defendant. | Case No. CV 17-6822 JC<br><br>MEMORANDUM OPINION |

**I.　SUMMARY**

On September 15, 2017, plaintiff Dalal Felderman filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 19, 2017 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On May 1, 2013, plaintiff filed an application for Disability Insurance Benefits alleging disability beginning in February 2013, due to major depression and mental breakdown. (Administrative Record ("AR") 17, 19, 211, 238). The ALJ examined the medical record, and on January 14 and April 26, 2016 heard testimony from plaintiff (who appeared with a non-attorney representative) and vocational experts. (AR 17, 32-87).

On May 25, 2016, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 17-26). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: depressive disorder, panic disorder with agoraphobia, mood disorder not otherwise specified, generalized anxiety with agoraphobia, obsessive- compulsive disorder, psychosis not otherwise specified, and bipolar disorder, mixed (AR 20); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 22); (3) plaintiff retained the residual functional capacity to perform the full range of work at all exertional levels, with the following nonexertional limitations: plaintiff is able to perform simple routine tasks not involving fast-paced or assembly line type work, and is able to accept occasional changes in work setting (AR 23); (4) plaintiff could perform past relevant work as a bagger (AR 25); and (5) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 23).

///

On July 17, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he or she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

## B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

///

## IV. DISCUSSION

### A. The ALJ Properly Evaluated the Opinions of Plaintiff's Treating Physician

Plaintiff contends that the ALJ failed properly to consider the opinions of plaintiff's treating physician, Dr. Salvador Arella (Plaintiff's Motion at 5-10), specifically a Mental Residual Functional Capacity Questionnaire dated April 21, 2014 in which Dr. Arella essentially opined that plaintiff lacked the mental abilities and aptitudes to perform even unskilled work (collectively "Dr. Arella's Opinions"). (AR 334-37; see AR 382). A remand or reversal on this basis is not warranted.

#### 1. Pertinent Law

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians." 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 404.1527(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of a treating physician by providing "clear and

convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). In addition, an ALJ may reject the opinion of any physician, including a treating physician, to the extent the opinion is "brief, conclusory and inadequately supported by clinical findings." Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted). An ALJ must provide more than mere "conclusions" or "broad and vague" reasons for rejecting a treating or examining physician's opinion. Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (citation omitted). "[The ALJ] must set forth his [or her] own interpretations and explain why they, rather than the [physician's], are correct." Embrey, 849 F.2d at 421-22.

### 2. Analysis

First, the ALJ properly rejected in part and gave only "partial weight" to Dr. Arella's Opinions because plaintiff had generally been prescribed a conservative course of treatment. See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly rejected opinion of treating physician where physician had prescribed conservative treatment and the plaintiff's activities and lack of complaints were inconsistent with the physician's disability assessment). For example, as the ALJ noted, contrary to Dr. Arella's findings that plaintiff had

disabling mental limitations (AR 336), the record evidence reflects that since April 2013, Dr. Arella only provided routine medication management for plaintiff with directions to return as infrequently as every three months. (AR 25, 65, 334, 342-53, 385-87). To the extent plaintiff suggests that the medical evidence actually reflects more severe mental limitations (Plaintiff's Motion at 6-8), this Court will not second guess the ALJ's reasonable determination that it does not, even if such evidence could give rise to inferences more favorable to plaintiff. See Trevizo, 871 F.3d at 674-75 (citations omitted).

Second, the ALJ properly rejected in part/gave less weight to Dr. Arella's Opinions because they were not supported by the physician's own clinical findings. See Bayliss, 427 F.3d at 1217 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and internal quotation marks omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"). For example, as the ALJ noted, on the whole Dr. Arella's mental status examinations mostly noted that plaintiff's behavior was "anxious," "sad," and/or "irritable" and were otherwise unremarkable. (AR 342, 344, 346, 348, 350; compare AR 352). In addition, as the ALJ noted, Dr. Arella's treatment notes consistently reflected that plaintiff's condition had remained stable, and noted that plaintiff had been prescribed medication which she took "as directed" and found "beneficial." (AR 342-52); see generally Warre v. Commissioner of Social Security Administration, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling. . . .") (citations omitted). As the ALJ noted, Dr. Arella's Opinions were also inconsistent with other observations in the physician's treatment notes for plaintiff. See Bayliss, 427 F.3d at 1216 (A discrepancy between a physician's notes and recorded

observations and opinions and the physician's assessment of limitations is a clear and convincing reason for rejecting the opinion.). For example, Dr. Arella's Opinions identify multiple "signs and symptoms" for plaintiff that either directly conflict with, or are not documented at all in Dr. Arella's observations in treatment notes. (Compare AR 335 [Dr. Arella's Opinions noting "hallucinations or delusions" and "paranoid thinking" among plaintiff's "signs and symptoms"] with AR 342, 344, 346, 348, 350, 352 [treatment notes repeatedly documenting no auditory or visual hallucinations, and no "delusions" in "thought content"] and AR 385 ["patient denies hallucinations and paranoia"]). Similarly, although plaintiff complained of "insomnia," she still reported getting six to eight hours of sleep. (AR 344, 346, 348, 350, 384).

Third, the ALJ properly rejected in part/gave less weight to Dr. Arella's Opinions to the extent they were inconsistent with plaintiff's own statements regarding her functional abilities. See Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 601-02 (9th Cir. 1999) (ALJ may reject medical opinion that is inconsistent with other evidence of record including claimant's statements regarding daily activities). For example, as discussed in more detail below, the ALJ noted that, contrary to her alleged disabling mental symptoms, plaintiff has stated that she was able to, among other things, drive a car and do various household chores. (AR 24, 38, 59-60, 65, 69-73).

Finally, the ALJ properly rejected Dr. Arella's Opinions in favor of the conflicting opinions of the state-agency examining psychologist, Dr. Ahmad R. Riahinejad, who essentially opined that plaintiff had no limitation in her mental abilities to understand, remember, and carry out simple instructions, and only moderate limitation in her ability to respond appropriately to changes in a routine work setting. (AR 375, 377-78). The opinions of Dr. Riahinejad were supported by such physician's independent examination of plaintiff (AR 372-75), and thus, without more, constituted substantial evidence upon which the ALJ could properly

rely to discount Dr. Arella's Opinions. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's opinion on its own constituted substantial evidence, because it rested on physician's independent examination of claimant) (citations omitted).

Accordingly, a remand or reversal is not warranted on this basis.

## B. The ALJ Properly Evaluated Plaintiff's Subjective Symptom Statements

Plaintiff essentially contends that a remand or reversal is warranted because the ALJ failed to articulate legally sufficient reasons for finding that plaintiff's statements regarding her subjective symptoms were not entirely consistent with the evidence. (Plaintiff's Motion at 10-13). The Court disagrees.

### 1. Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. §§ 404.1529(a) & (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his or her symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R. §§ 404.1529(a), (c)(4); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4-*10; see also SSR 96-7p, 1996 WL 374186, at *1-*5.[1] When an individual's

---

[1]Social Security Rulings reflect the Social Security Administration's ("SSA") official interpretation of pertinent statutes, regulations, and policies. 20 C.F.R. § 402.35(b)(1). Although
(continued...)

9

subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89.[2] If an ALJ's evaluation of a claimant's statements is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

### 2. Analysis

First, the ALJ properly gave less weight to plaintiff's subjective statements based on plaintiff's failure to seek a level or frequency of psychological treatment

---

[1](...continued)
they "do not carry the 'force of law,'" Social Security Rulings "are binding on all components of the . . . Administration[,]" and are entitled to deference if they are "consistent with the Social Security Act and regulations." 20 C.F.R. § 402.35(b)(1); Bray, 554 F.3d at 1224 (citations and quotation marks omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings). Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11. The SSA republished SSR 16-3p making no change to the substantive policy interpretation regarding evaluation of a claimant's subjective complaints, but clarifying that the SSA would apply SSR 16-3p only "[when making] determinations and decisions on or after March 28, 2016[,]" and that federal courts should apply "the rules [regarding subjective symptom evaluation] that were in effect at the time" an ALJ's decision being reviewed became final. SSR 16-3p, 2017 WL 5180304, at *1, *13 n.27.

[2]It appears to the Court, based upon its research of the origins of the requirement that there be "specific, clear and convincing" reasons to reject or give less weight to an individual's subjective statements absent an affirmative finding of malingering, that such standard of proof remains applicable even where, like here, SSR 16-3p governs. See Trevizo, 871 F.3d at 678-79 & n.5 (citations omitted).

that was consistent with the alleged severity of plaintiff's subjective complaints. See Molina, 674 F.3d at 1113 (ALJ may properly consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" when evaluating claimant's subjective complaints) (citations and internal quotation marks omitted); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citation omitted), cert. denied, 552 U.S. 1141 (2008); SSR 16-3p, 2016 WL 1119029, at *7-*8 (ALJ may give less weight to subjective statements where "the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms. . . ."). Here, like discussed above, Dr. Arella's treatment notes generally document routine, infrequent, and conservative treatment (AR 24, 334, 342-53, 385-87), which is inconsistent with plaintiff's allegations of disabling mental limitations.

Second, the ALJ properly gave less weight to plaintiff's subjective complaints to the extent plaintiff engaged in daily activities which require a greater level of mental functioning than plaintiff alleges she can actually do. See Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) (inconsistencies between claimant's testimony and claimant's reported activities valid reason for giving less weight to claimant's subjective complaints) (citation omitted); SSR 16-3p, 2016 WL 1119029, at *7 (ALJ may determine that claimant's symptoms "are less likely to reduce his or her capacities to perform work-related activities" where claimant's subjective complaints are inconsistent with evidence of claimant's daily activities) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). For example, as the ALJ noted, contrary to plaintiff's allegations of disabling mental symptoms, plaintiff stated that she was able to do chores (*i.e.*, laundry for her and her husband, sweeping, minimal yard work, cleaning), drive a car, take public transportation to

the doctor by herself every three months, cook her own simple meals, do her own grocery shopping every other day, talk with her mother and sister every day, walk to her mother's house three times a week, and watch television with her husband. (AR 24, 38, 59-60, 65, 69-73).

As plaintiff correctly suggests (Plaintiff's Motion at 13), a claimant "does not need to be 'utterly incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (citation omitted). Nonetheless, this does not mean that an ALJ must find that a claimant's daily activities demonstrate an ability to engage in full-time work (*i.e.*, eight hours a day, five days a week) in order to discount conflicting subjective symptom testimony. To the contrary, even where a claimant's activities suggest difficulty in functioning, an ALJ may give less weight to subjective complaints to the extent a claimant's apparent actual level of activity is inconsistent with the extent of functional limitation the claimant has alleged. See Reddick, 157 F.3d at 722 (ALJ may consider daily activities to extent plaintiff's "level of activity [is] inconsistent with [the] . . . claimed limitations"); cf. Molina, 674 F.3d at 1113 ("Even where [claimant's] activities suggest some difficulty functioning, they may be grounds for [giving less weight to] the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citations omitted). Here, even though plaintiff stated that she had some difficulty functioning, substantial evidence supports the ALJ's conclusion that plaintiff's ability to engage in the daily activities noted above "are not corroborative of her alleged degree of [mental] impairment. . . ." (AR 24); cf., e.g., Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)).

///

Third, the ALJ noted that, despite alleged "serious problems with []
concentration," plaintiff "was able to answer questions rationally without undue
delay at both hearings." (AR 24). The ALJ was permitted to rely on his own
observations of plaintiff as one of the several factors for evaluating plaintiff's
symptom testimony. See Social Security Ruling 16-3p, 2016 WL 1119029, *7
(ALJ "will consider any personal observations of the [claimant] in terms of how
consistent those observations are with the individual's statements about his or her
symptoms as well as with all of the evidence in the file."); see also Verduzco v.
Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (when evaluating symptom testimony
ALJ may consider observations that claimant acted in manner at hearing that was
inconsistent with alleged disabling symptoms) (citation omitted).

Finally, the ALJ properly gave less weight to plaintiff's subjective
complaints due, in part, to the absence of supporting objective medical evidence.
See Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the
sole basis for discounting pain testimony, it is a factor that the ALJ can consider
. . . ."); SSR 16-3p, 2016 WL 1119029, at *5 ("[ALJ may] not disregard an
individual's statements about the intensity, persistence, and limiting effects of
symptoms solely because the objective medical evidence does not substantiate the
degree of impairment-related symptoms alleged by the individual."). For one
example, as discussed above, treatment notes reflect that plaintiff found her
prescribed medication "beneficial." (AR 342-52; see also AR 384 [April 4, 2016
treatment record noting plaintiff stated "I do very well[]" and reported waking in
the morning "with good energy" and having "no physical symptoms of pain
anywhere in the body"]).

Although plaintiff argues that the medical evidence actually supports her
subjective complaints (Plaintiff's Motion at 11-13), the Court may not second
guess the ALJ's reasonable determination to the contrary, even if the evidence
///

could give rise to inferences more favorable to plaintiff.  See Thomas, 278 F.3d at 959 (citation omitted).

Accordingly, a remand or reversal is not warranted on this basis.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 21, 2018

/s/
_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE